IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

NOVALINE DANIELLE JUAREZ                                                                          PLAINTIFF

v.                                              Civil No. 1:22-cv-01058

NURSE CASEY SANDFORD;
GUARD PERRY; and
CAPTIAN MITCHAM                                                                                   DEFENDANTS

## ORDER

Plaintiff Novaline Danielle Juarez filed this 42 U.S.C. § 1983 action *pro se* on October 14, 2022. ECF No. 1. Plaintiff's Complaint was provisionally filed on the same day. ECF No. 3. Before the Court is Plaintiff's failure to prosecute and comply with Court orders. The matter is ripe for consideration.

On October 14, 2022, the Court ordered Plaintiff to file a completed Application to Proceed *in forma pauperis* (IFP Application) by November 4. 2022. ECF No. 3. The Order advised Plaintiff that failure to obey the Order would subject this matter to dismissal. The Order was not returned as undeliverable mail, and Plaintiff failed to respond. ECF No. 5.

On November 7, 2022, the Court entered an Order to Show Cause directing Plaintiff to show cause as to why he failed to obey the Court's October 14, 2022 Order within twenty-one days and submit a completed IFP Application. ECF No. 5. The Order to Show Cause also advised Plaintiff that failure to respond would subject this matter to dismissal. Plaintiff failed to respond.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to

> monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

W.D. Ark. Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to *sua sponte* dismiss under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey orders of the Court. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED**, this 15th day of December, 2022.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge